UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| NORMA JEAN SHAW,<br>Plaintiff,<br><br>v.<br><br>BRIDGECREST ACCEPTANCE CORPORATION, *et al.*,<br>Defendants. | ) | Civil Action No. 3:25CV838 (RCY) |

**MEMORANDUM OPINION**

Plaintiff Norma Jean Shaw, appearing pro se, submitted an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Upon review of Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, is **GRANTED**, and the Clerk is **DIRECTED** to file Plaintiff's Complaint. However, the Court finds that Plaintiff's Complaint suffers from defects that prevent the action from proceeding further.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the Court has an independent obligation to screen for the existence of jurisdiction.

*See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative . . . . [Federal] Rule [of Civil Procedure] 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"). Pursuant to § 1915's statutory screening obligation and with an eye towards its jurisdictional limitations, the Court has reviewed Plaintiff's Complaint.

## I. BACKGROUND

Accepting the allegations in the Complaint as true, the facts relevant to the present Opinion are as follows:

Plaintiff is a 78-year-old resident of Alabama, and a former resident of Virginia. Compl. ¶ 8. Defendant Bridgecrest Acceptance Corporation ("Bridgecrest") and Defendant DriveTime Automotive Group, Inc. ("DriveTime") are Arizona corporations, both with their principal places of business in Arizona. *Id.* ¶¶ 10–11. Bridgecrest is a wholly owned subsidiary of DriveTime, and the two entities operate as an integrated enterprise to finance vehicles sold by DriveTime. *Id.* ¶ 12. DriveTime originates the loans and then immediately assigns such loans to Bridgecrest for servicing and collection. *Id.*

Around June 30, 2020, when Plaintiff was 73 years old and living in Virginia, Plaintiff purchased a used vehicle from Defendants and entered a Retail Installment Sales Contract (the "Contract") with them. *Id.* ¶¶ 14, 17, 28. Plaintiff's loan totaled $18,099.75, which included the vehicle purchase price plus various add-on products and fees. *Id.* ¶ 15. Defendants charged several add-on products and fees without adequately disclosing their optional nature or providing Plaintiff with a meaningful opportunity to decline these products. *Id.* ¶ 19. A total of $3,588—19.8% of the total loan amount—was attributed to the following "optional" items: gap insurance,

GPS tracking device, extended warranty, and a processing fee. *Id.* The Contract carried an Annual Percentage Rate (APR) of 24.583%, which exceeds Virginia's statutory rate cap of 12% per annum, as set by Virginia Code § 6.2-303. *Id.* ¶ 16.

As of the time of filing the Complaint, Plaintiff had paid $32,000 toward the loan—177% of the original purchase price. *Id.* ¶ 25. Despite her regular bi-weekly payments, Plaintiff still owes approximately $5,700 on the loan.

Based on the foregoing, Plaintiff asserts the following claims:

Count One: Violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.

Count Two: Violations of Virginia Usury Laws, Va. Code §§ 6.2-301, -303, -305

Count Three: Elder Financial Exploitation, Va. Code § 18.2-178.1

Count Four: "Unconscionable Contract Terms"

*Id.* ¶¶ 37–62.

## II. LACK OF JURISDICTION

The Court finds that Plaintiff has failed to plead facts giving rise to this Court's subject matter jurisdiction, and so the Complaint must be dismissed.

Plaintiff asserts that this Court's subject matter jurisdiction is predicated on federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff has asserted a claim under federal law, specifically the Truth in Lending Act. Compl. ¶ 5. Unfortunately, Plaintiff's TILA claim is time-barred, and therefore it cannot serve as the predicate for federal jurisdiction. *Compare* 15 U.S.C. § 1640(e) (establishing a one-year limitations period for TILA damages claims, running from consummation, i.e., when the offensive contract was entered into), *with* Compl., ECF No. 1-1 (filed in October of 2025, five years after Plaintiff entered into the Contract).

Diversity jurisdiction under 28 U.S.C. § 1332 is also lacking in this case. To establish diversity jurisdiction, a plaintiff must plausibly allege that the amount in controversy exceeds $75,000 (the "amount in controversy" requirement) and the action is between "citizens of a State and citizens or subjects of a foreign state" (the "complete diversity" requirement). 28 U.S.C. § 1332(a). Although Plaintiff has established the complete diversity aspect of diversity jurisdiction, her pleadings do not establish an amount in controversy greater than $75,000. *See* Compl. ¶ 25, p.13 (establishing that Plaintiff has paid $32,000, or 177% of the principle amount on her underlying loan ($18,099.75) and asking for actual and statutory damages of twice the usurious interest paid on the loan; but even doubling Plaintiff's overpayment, such total does not rise to a value greater than $75,000). Thus, the Court has no diversity jurisdiction under 28 U.S.C. § 1332.

Absent either subject matter jurisdiction or diversity jurisdiction, even assuming the state-law claims are sufficiently pleaded, the Court cannot hear this suit in its present form. Accordingly, the Court must DISMISS the Complaint.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application, ECF No. 1, will be **GRANTED** and the Clerk will be **DIRECTED** to file the Complaint. However, given the Court's holding that it is without subject matter jurisdiction over the controversy, the complaint must be **DISMISSED**.

Nevertheless, in accordance with 28 U.S.C. § 1653,[1] and out of deference to Plaintiff's *pro se* status, the Court will provide Plaintiff an opportunity to establish that the Court has

1 "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C § 1653. Courts have noted this section should be "construed liberally to permit the action to be maintained if it is at all possible to determine [that] jurisdiction does in fact exist." *John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967).

jurisdiction over her state law claims. Accordingly, the Court will order Plaintiff to show cause why the action should not be dismissed, by filing an amended complaint curing the presently defective jurisdictional pleading.

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 14, 2026
Richmond, Virginia